IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 08-00294 SOM-2 |
| | ) | CIV. NO. 09-00559 SOM/KSC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING DEFENDANT'S |
| | ) | § 2255 PETITION |
| ROMELIUS RAMIRO, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |


ORDER DENYING DEFENDANT'S § 2255 PETITION

I.      INTRODUCTION.

Romelius Ramiro seeks relief under 28 U.S.C. § 2255 and
argues that his attorney was ineffective because he failed to
advise Ramiro that his guilty plea would result in his removal
from the country and failed to tell him that he would be subject
to mandatory detention by the Immigration and Customs Enforcement
pending removal proceedings after serving his sentence.  The
petition is denied.

II.     BACKGROUND.

On May 15, 2008, Ramiro was charged in an Indictment
with knowingly and intentionally distributing methamphetamine in
violation of 21 U.S.C. §§  860(a), 841(a)(1), and 841(b)(1)(C),
and 18 U.S.C. § 2.  On April 30, 2009, Ramiro entered a guilty
plea to Count 1 of the Indictment before Magistrate Judge Leslie
Kobayashi.  During the court's Rule 11 colloquy with Ramiro, the

Magistrate Judge asked Ramiro whether he was a citizen of the United States.  Upon being informed by Ramiro that he was not a citizen, the court asked Ramiro whether he understood "that a conviction in this case may affect your right to remain in this country."  Ramiro's lawyer interjected that he had advised Ramiro that "he more than likely will be deported upon completion of a sentence of incarceration."  <u>See</u> Transcript of Withdrawal of Not Guilty Plea and to Plead Anew Before the Honorable Leslie E. Kobayashi (Apr. 30, 2009) at 13.

On May 20, 2009, this district judge accepted the guilty plea Ramiro had entered before the Magistrate Judge.  On August 17, 2009, the court sentenced Ramiro to a prison term of twelve months and one day, and six years of supervised release. Judgment was entered on August 24, 2009.

On November 24, 2009, Ramiro filed the present motion, arguing that his counsel had been ineffective in failing to tell him that a guilty plea would, not might, result in his deportation.  Ramiro also argues that his attorney failed to tell him that he would not be released after serving his criminal sentence.

III.    <u>STANDARD OF REVIEW.</u>

Rule 4(b) of the Rules Governing Section 2255 Proceedings directs this court to examine a § 2255 motion, and, if it plainly appears from the motion that the moving party is

not entitled to relief, to dismiss the motion and direct the
clerk to notify the moving party.  If the court does not dismiss
the motion, the judge must order the United States Attorney to
file an answer, motion, or other response within a fixed time.

IV.       ANALYSIS.

Ramiro claims that counsel was ineffective on two
occasions.  Ramiro contends that his counsel only told him that
he might be deported if he pled guilty, but should have told him
that he would be deported if he pled guilty.  Ramiro also argues
that his attorney told him that he would be released if he pled
guilty and served his sentence, but should have told him that he
would be indefinitely detained by Immigration and Customs and
Enforcement.  Ramiro fails to establish an ineffective assistance
claim with respect to either occasion.

To establish ineffective assistance of counsel, a
defendant must show that counsel's performance was deficient and
that the deficient performance prejudiced his defense.
Strickland v. Washington, 466 U.S. 668, 687-88 (1984); United
States v. Fry, 322 F.3d 1198, 1200 (9th Cir. 2003).  Review of
counsel's performance is "highly deferential and there is a
strong presumption that counsel's conduct [falls] within the wide
range of reasonable representation."  Torrey v. Estelle, 842 F.2d
234, 237 (9th Cir. 1988) (internal quotations omitted).  The
Ninth Circuit has held that counsel's failure to advise his or

her client about a collateral consequence such as deportation is not deficient performance.  See Fry, 322 F.3d at 1200-01 (holding that trial counsel did not perform deficiently by failing to inform the defendant that he could be deported if convicted at trial); United States v. Amador-Leal, 276 F.3d 511, 517 (9th Cir. 2002) (immigration consequences continue to be a collateral consequence of a plea); Fruchtman v. Kenton, 531 F.2d 946 (9th Cir. 1976).  The Ninth Circuit has stated that "counsel's failure to advise a defendant of collateral immigration consequences of the criminal process does not violate the Sixth Amendment right to effective assistance of counsel." Fry, 322 F.3d at 1200. Thus, even if Ramiro's counsel told Ramiro only that he might be deported, counsel's performance was not ineffective.

The court notes, in any event, that counsel's alleged statement that deportation was probable but not certain appears appropriate.  Many attorneys deliberately take pains to avoid guaranteeing any result, good or bad, and some urge the court to fashion sentences that recognize even slim possibilities.  This is not ineffectiveness.

Similarly, Ramiro's argument that his counsel should have told him that he would be removed after serving his sentence also fails.  Again, immigration consequences are collateral matters, and failure to advise about collateral matters does not amount to deficient performance.

4

V.        CONCLUSION.

For the foregoing reasons, the court denies the

Petition.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii December 1, 2009



/s/ Susan Oki Mollway

Susan Oki Mollway
Chief United States District Judge

United States v. Ramiro, 08CR294 SOM-02; 09cv559 SOM/KSC; ORDER DENYING
DEFENDANT'S § 2255 PETITION.